UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MELISSA DURHAM

VERSUS

AMIKIDS, INC., ET AL.

CIVIL ACTION

NO. 18-559-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MELISSA DURHAM

VERSUS

AMIKIDS, INC., ET AL.

CIVIL ACTION

NO. 18-559-BAJ-EWD

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand[1] filed by *pro se* plaintiff, Melissa Durham ("Plaintiff"). Defendants, AMIKids, Inc. and AMIKids Baton Rouge, Inc. ("Defendants") have filed an Opposition to Plaintiff's Motion to Remand.[2]

For the reasons set forth herein, the undersigned RECOMMENDS[3] that the Motion to Remand be DENIED.

In the event this recommendation is adopted, the undersigned finds that good cause exists to defer entry of a scheduling order pending resolution of the pending Motions to Dismiss.[4]

**I.    Background**

On May 17, 2018, Defendants filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.[5] In her Complaint, as well as her "Motion for Amended Complaint,"[6] Plaintiff alleges that Defendants

---

[1] R. Doc. 5.

[2] R. Doc. 7.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Docs. 2 & 3.

[5] R. Doc. 1. Per the Notice of Removal, Defendants asserted that although Plaintiff filed a "Complaint" in state court on January 5, 2017, that Complaint was never served on them. Defendants stated that they were served with a "Motion for Amended Complaint" on April 27, 2018 and removed within 30 days of service of the "Motion for Amended Complaint." R. Doc. 1, ¶ 4.

[6] In conjunction with the Notice of Removal, Defendants filed a copy of the state court record. It appears that Plaintiff filed her original Complaint in state court on January 3, 2018. R. Doc. 1-1, pp. 1-7. On April 5, 2018, Plaintiff filed

1

have "violated the rights of [Plaintiff] under the Title VII of the Civil Rights Act of 1964, Americans with Disability Act of 1990 and the Americans with Disabilities Act Amendments of 2008, and LSA R.S. 23:301…."[7] Although Plaintiff's pleadings are not a model of clarity, Plaintiff alleges that she was employed by Defendants as a 6-12th grade science teacher,[8] that she was harassed and subjected to "unfair treatment,"[9] that she sought some sort of accommodation for an asserted disability,[10] and that she was retaliated against.[11]

On May 30, 2018, Plaintiff filed the instant Motion to Remand. Plaintiff states that "[t]he ground for this motion is that Defendant's [sic] erroneously listed race discrimination instead of sex discrimination, preservice removal, the notice of removal to the state court must also be filed within 30 days or the removal is not effected 28 USC 1446(d), and the Violence Against Women's [sic] Act."[12]

---

a Motion for Amended Complaint asserting the same exact allegations. R. Doc. 1-4, pp. 1-7. Finally, on May 15, 2018, Plaintiff filed a Complaint in the state court record, again asserting the exact same allegations. R. Doc. 1-5, pp. 120-127.

[7] R. Doc. 1-1, ¶ 1; R. Doc. 1-4, ¶ 1. *See also*, R. Doc. 1-1, ¶ 4; R. Doc. 1-4, ¶ 4 ("This discriminatory practice is all in violation of Title VII of the Civil Rights Act of 1964, which took place at the Baton Rouge school and Tampa National Office. By denying, Durham reasonable accommodations and treating her less favorably because of her disability has placed the Defendant in direct violation of the Americans with Disabilities Act…."); R. Doc. 1-1, ¶ 13; R. Doc. 1-4, ¶ 13 ("The Defendants acted deliberately with reckless indifference to Durham's federally protected rights.").

[8] R. Doc. 1-1, ¶ 7; R. Doc. 1-4, ¶ 7.

[9] Based on the documents included in the state court record, it appears Plaintiff complained about harassment from students at the school and the administration's failure to address it. *see* R. Doc. 105, pp. 18-23. There is also a letter from the Post Trauma Institute of Louisiana dated November 4, 2016 stating that Plaintiff was participating in regular counseling sessions and was being treated for post-traumatic stress disorder. R. Doc. 1-5, p. 83.

[10] R. Doc. 1-1, ¶ 8; R. Doc. 1-4, ¶ 8.

[11] R. Doc. 1-1, ¶ 9; R. Doc. 1-4, ¶ 9.

[12] R. Doc. 5. Although Plaintiff asserts in the Motion to Remand that she objects to "preservice removal," her memorandum in support of the Motion indicates that she is focused on the "forum defendant rule" discussed below. In any event, the Fifth Circuit has held that "[g]enerally, service of process is not an absolute prerequisite to removal." *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000). *See also*, *Armendariz v. East Laredo Home Place, Ltd.*, Civ. A. No. L-08-94, 2008 WL 4453120, at *1 (S.D. Tex. Sept. 29, 2008) (citing *Delgado* and concluding that, "[W]hile a defendant is not required to remove a case until formally served, a defendant is not prohibited from removing sooner.").

2

**II.     Law and Analysis**

  **A.  Legal Standard**

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…." The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[13] The party seeking removal bears the burden of demonstrating that federal subject matter jurisdiction exists.[14] "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"[15]

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." "[A] defendant may remove to the federal courts '[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States,' *i.e.*, those actions presenting a federal question. A federal question exists when there 'appears on the face of the complaint some substantial, disputed question of federal law.'"[16] Whether a case is removable based on federal question jurisdiction is "determined by the allegations of plaintiff's 'well-pleaded complaint' as of the time of removal."[17]

---

[13] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

[14] *See*, *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[15] *Gutierrez*, 543 F.3d at 251 (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

[16] *In re Hot-Hed, Inc.,* 477 F. 3d at 323.

[17] *Medina v. Ramsey Steel Co., Inc.,* 238 F 3d. 674, 680 (5th Cir. 2001).

### B. This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1331

"The United States Court of Appeals for the Fifth Circuit has held that when a plaintiff's 'petition contained a claim for violation of the American with Disabilities Act…the district court [has] subject matter jurisdiction."[18] Likewise, an action for employment discrimination pursuant to Title VII raises a federal question.[19] Plaintiff contends that remand is appropriate because she is asserting "sex discrimination" rather than "race discrimination."[20] However, Plaintiff clearly states in support of the Motion to Remand that she "claims Title VII for sex related violations and violence"[21] and her pleadings repeatedly reference federal claims. Regardless of the basis of the

---

[18] *Sonnier v. Winn-Dixie Montgomery, LLC*, Civil Action No. 16-17289, at * 2 (E.D. La. April 21, 2017) (citing *Clewis v. Medco Health Solutions, Inc.*, 578 Fed. Appx. 469, 471 (5th Cir. 2014) (per curium) ("When the case was removed to federal court, Clewis's state court petition contained a federal claim for violation of the Americans with Disabilities Act. Thus, the district court had subject matter jurisdiction.").

[19] *Patin v. Louisiana through Dept. of Justice*, Civil Action No. 01-809, 2007 WL 9710806, at * 1 (M.D. La. April 18, 2007 ("Plaintiff's claims of discrimination, hostile work environment, and retaliation are under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e et seq. Thus a federal question is at issue, and subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331."); *Davis v. Ciba-Geigy Corp.*, 958 F.Supp.264, 266 (M.D. La. 1997) (finding that "clearly," based on plaintiff's employment discrimination claim under Title VII "this Court has federal question jurisdiction to hear this claim."). *See also*, *Meadows v. The Board of Trustees of Simpson General Hospital*, 3:02CV1459, 2005 WL 1595662, at * 1 (S.D. Miss. June 22, 2005) ("Plaintiffs' Title VII claim, § 1983 claims, First Amendment claims, and Sherman Antitrust claims are federal in character and serve as a basis for this court's subject-matter jurisdiction under Title 28 U.S.C. § 1331, federal-question jurisdiction."); *McCorvey v. University of Texas Health Science Center at San Antonio*, No. 5:16-cv-631, 2016 WL 8904949, at * 6 (W.D. Tex. Dec. 21, 2016) ("this Court has federal question subject-matter jurisdiction over Plaintiff's Title VII claims…") (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("Title VII's own jurisdictional provision, 42 U.S.C. § 2000e–5(f)(3), has served simply to underscore Congress' intention to provide a federal forum for the adjudication of Title VII claims.").

[20] R. Doc. 5-1, pp. 2-4.

[21] R. Doc. 5-1, p. 2. *See also*, R. Doc. 5-1, p. 3 ("'Discriminating against or harassing an employee because of his or her sexual orientation or gender identity, in combination with another lawful reason' are [sic] Title VII violations.").

4

alleged discrimination, Plaintiff's Petition raises federal claims.[22] Accordingly, this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal claims.[23]

### C. Plaintiff's Arguments Regarding Procedural Deficiencies Do Not Require Remand

In support of remand, Plaintiff additionally argues that: (1) removal of this suit was prohibited by statute because "Defendants were in violation of the Violence Against Women Act (VAWA) when they failed to protect Plaintiff….;"[24] (2) the removal was "procedurally deficient" because "Defendants' [sic] have not filed anything into the Louisiana 19th Judicial Court;"[25] and (3) the removal was an improper "snap removal" violating the forum defendant rule.[26]

With respect to Plaintiff's arguments related to VAWA, 28 U.S.C. § 1445(d) provides that "[a] civil action in any State court arising under section 40302 of the Violence Against Women Act of 1994 may not be removed to any district court of the United States."[27] Although § 1445(d) appears to make suits arising under VAWA "nonremovable," Plaintiff's Petition does not assert a VAWA claim.[28] Even if such claim was alleged, the Supreme Court has found that Congress did

---

[22] *Medel v. Travis County Juvenile Probation Dept.*, No. A-10-CA-771, 2011 WL 672310, at * 2 (W.D. Tex. Feb. 14, 2011) (plaintiff's employment discrimination lawsuit alleging "discrimination on sexual harassment, and discriminatory retaliation" in violation of Title VII and "discrimination based on Plaintiff's disability in violation of Chapter 21 of the Texas Labor Code and the ADEA" "unambiguously alleges claims under Title VII and the ADEA/ADA" and thus the court found the case fell "within this Court's original jurisdiction and, therefore, Defendant properly removed this case under § 1441(b)."); *Herster v. Board of Sup'rs of Louisiana State University*, Civil Action No. 13-139, 2013 WL 2422893, at * 4 (M.D. La. June 3, 2013) (describing federal law claims to include "unlawful sex-based discrimination and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964" and "unlawful retaliation for filing a complaint regarding sex discrimination.").

[23] Plaintiff also cites La R.S. 23:301, *et seq.* as a basis for a cause of action. R. Doc. 1-1, ¶ 1; R. Doc. 1-4, ¶ 1. La R.S. 23:301 *et seq.* sets forth the Louisiana Employment Discrimination Law. The undersigned recommends exercising supplemental jurisdiction over Plaintiff's state law employment discrimination claims pursuant to 28 U.S.C. § 1367(a) due to the interrelatedness of the causes of action which arise out of the same facts.

[24] R. Doc. 5-1, pp. 1-2.

[25] R. Doc. 5-1, p. 4.

[26] R. Doc. 5-1, pp. 5-6.

[27] Section 40302 was classified as 34 U.S.C. § 12361.

[28] Plaintiff asserts in her Motion to Remand that "Defendants were in violation of the Violence Against Women Act…when they failed to protect Plaintiff after she walked out of class in May 2016 for being assaulted by a

not have power to enact § 40302,[29] and based on that ruling, other courts and commentators have found that § 1445(d) is no longer operative.[30]

Regarding Plaintiff's assertion that the removal was procedurally improper because Defendants failed to file a copy of the notice of removal with the state district court as required by 28 U.S.C. § 1446(d), Defendants assert in opposition to the Motion to Remand that they "filed a copy of the notice with the 19th Judicial District, Parish of East Baton Rouge" and have attached the confirmation indicating that the Notice of Removal was fax-filed with the state district court.[31] Accordingly, despite Plaintiff's assertion, it appears that Defendants have complied with this requirement of § 1446(d).

Finally, with respect to Plaintiff's references to "snap removal"[32] and the forum defendant rule, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable *solely on the basis*

---

student…." R. Doc. 5-1, p. 1. Plaintiff also cites various Louisiana revised statutes dealing with school discipline laws and regulations. R. Doc. 5-1. The factual basis for claims based on these state statutes, as well as Plaintiff's possible VAWA claim – that Plaintiff was denied protection from assault by a student – is not alleged in Plaintiff's Complaint, and as explained herein, the United States Supreme Court has held that Congress was without authority to enact § 40302. In any event, because the factual basis for these claims is not alleged in Plaintiff's Complaint as amended, the undersigned does not address whether the court should exercise supplemental jurisdiction over such claims.

[29] *U.S. v. Morrison*, 529 U.S. 598 (2000) (invalidating VAWA, 34 U.S.C. § 12361, based on findings that provision exceeded congressional authority under either the commerce clause or the 14th Amendment).

[30] *Johnson v. Western & Southern Life Ins. Co.*, No. 15-cv-627, 2015 WL 4545930, at * 2 (S.D. Ind. July 28, 2015) ("While Plaintiff correctly points out that removal of a Section 40302 civil action is precluded under 28 U.S.C. § 1445(d), Plaintiff fails to recognize that the Supreme Court found that Congress did not have the power to enact Section 40302, thus barring civil actions under this provision. Plaintiff's VAWA claim is one upon which relief cannot be granted. As such, that claim is not a proper reason to remand.") (citing *U.S. v. Morrison*, 529 U.S. 598 (2000); 14C Fed. Prac. & Proc. Juris. § 3728.2 (4th ed.) ("In 1994 Congress added subsection (d) to Section 1445, barring removal of claims brought in a state court under Section 40302 of the Violence Against Women Act of 1994. The Act created a cause of action for acts of violence motivated by gender. However, in *United States v. Morrison*, the Supreme Court held the Act to be unconstitutional, as beyond Congress's power under either the Commerce Clause (Art I, section 8, clause 3) or Section 5 of the Fourteenth Amendment. Thus, Section 1445(d) no longer is operative.").

[31] R. Doc. 7-1. The undersigned's review of the state court filings confirm that Defendants' Notice of Filing Notice of Removal was filed with the state district court on May 17, 2018.

[32] The term "snap removal" deals with a situation in which a party removes an action based on diversity jurisdiction before a forum defendant has been served. Because this matter is before the Court pursuant to federal question jurisdiction, issues regarding the forum defendant and snap removal are not applicable.

6

*of the jurisdiction under section 1332(a)* of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[33] Here, and as set forth above, this Court's subject matter jurisdiction is based on 28 U.S.C. § 1331.

### III.     Recommendation

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand[34] be DENIED.

In the event this recommendation is adopted, the undersigned finds that good cause exists to defer entry of a scheduling order pending resolution of the pending Motions to Dismiss.[35]

Signed in Baton Rouge, Louisiana, on September 25, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] Emphasis added.

[34] R. Doc. 5.

[35] R. Docs. 2 & 3.