UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MELISSA DURHAM     CIVIL ACTION

VERSUS

AMIKIDS BATON ROUGE, INC. ET AL.     NO.: 18-00559-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion to Dismiss AMIKids, Inc., or in the Alternative, Motion for Partial Summary Judgment (Doc. 2)** filed by Defendant AMIKids, Inc. ("AMIKids") and the **Motion to Dismiss AMIKids Baton Rouge, Inc. or in the Alternative, Motion for Partial Summary Judgment (Doc. 3)** filed by Defendant AMIKids Baton Rouge, Inc. ("AMIKids Baton Rouge"). Plaintiff Melissa Durham filed an Opposition to both motions. (Doc. 6) For the reasons herein, the **Motion to Dismiss AMIKids, Inc., or in the Alternative, Motion for Partial Summary Judgment (Doc. 2)** is **GRANTED**. Furthermore, the **Motion to Dismiss AMIKids Baton Rouge, Inc. or in the Alternative, Motion for Partial Summary Judgment (Doc. 3)** is **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

Plaintiff was allegedly employed by Defendants in 2016 as a science teacher. (Doc. 1-1 at p. 3) Plaintiff alleges that during this time, her teaching position was threatened, and she was sexually harassed at work. (*Id.*) Plaintiff also claims that

other teachers received preferential treatment with fewer job responsibilities and requirements. (*Id.*)

Plaintiff asserts that she filed a grievance regarding the harassment and unfair treatment at AMIKids Baton Rouge in October of 2016 and also requested accommodations for PTSD symptoms she suffered from working at the school. (Doc. 1-1 at p. 4; Doc. 1-4 at p. 8; Doc. 1-5 at p. 20). Plaintiffs asserts that she was offered a separation agreement instead. (Doc. 1-4 at p. 4). She alleges Defendants threatened her job security if she continued to file complaints. (*Id.*)

Plaintiff alleges that Defendants violated her rights under the Title VII of the Civil Rights Act of 1964, Americans with Disability Act of 1990, and Louisiana Revised Statute 23:301. (Doc. 1-1 at p. 2). Defendants seek to dismiss Plaintiff's claims for insufficient service of process. Alternatively, Defendants seek summary judgment, asserting that they are entitled to judgment as a matter of law.

## II. LEGAL STANDARD

### A. Insufficient Service of Process

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344 (5th Cir. 2007). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.* (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). The serving party bears the burden of

2

proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is *pro se* does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000) (unpub'd).

**B.     Summary Judgment**

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

C. **Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*) 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing *Twombly*)

4

550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. Service of Process

Defendants argue that Plaintiff's claims must be dismissed because she failed to properly serve them. (Doc. 2-1 at p. 4; Doc. 3-1 at p. 5) This action was initially filed in the 19th Judicial District of Louisiana on January 3, 2018 and removed by Defendants to federal court on May 17, 2018. (Doc. 1-1 at p. 1) Federal courts must look to state law to ascertain whether service was properly made prior to removal. *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 947 (5th Cir. 2014) (citing *Freight Terminals, Inc. v. Ryder Sys. Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).

Louisiana law provides that service must be requested on all named defendants within ninety days of the commencement of the action. LA. CODE CIV. PROC. ANN. art. 1201(C) (2014). In the instant case, upon filing her complaint in state court on January 3, 2018, Plaintiff had until April 3, 2018 to request service. (Doc. 1-1 at p. 1) It appears to be undisputed that Plaintiff failed to do so. (Doc. 1-2 at p. 3). On March 28, 2018 Plaintiff filed a Motion for Final Default Judgment, which the state court denied because of Plaintiff's failure to serve Defendants. (Doc. 1-5 at p. 38; Doc. 1-2 at p. 3) On April 5, 2018 Plaintiff filed a document titled Motion for Amended Complaint in state court, the contents of which was identical to the original complaint; this was served to AMIKids Baton Rouge on April 27, 2018, but not to AMIKids. (Doc. 1-5)

5

The Fifth Circuit has explained that *pro se* litigants are afforded some leniency in perfecting service. *Holly v. Metro. Transit Auth.*, 213 Fed. Appx. 343, 344–45 (5th Cir. 2007) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)). As such, the Court assumes that AMIKids Baton Rouge was properly served with a complaint on April 27, 2018, given that the contents of the document are identical to Plaintiff's original complaint. Moreover, because AMIKids Baton Rouge appears to be an affiliate of AMIKids, the Court assumes that AMIKids received notice of this action when AMIKids Baton Rouge was served. This is further supported by the fact that AMIKids removed the action to federal court 20 days after AMIKids Baton Rouge was served. (Doc. 1). Accordingly, the Court declines to dismiss Plaintiff's claims for insufficient service of process and will address Defendant's arguments regarding summary judgment.

### B. Timeliness and Exhaustion of ADA and Title VII Claims

In their alternative Motions for Partial Summary Judgment, Defendants argue that Plaintiff's ADA and Title VII claims should be dismissed because Plaintiff failed to file a timely Amended Complaint after receiving the EEOC's right to sue letter (Doc. 2-1 at p. 7, Doc. 3-1 at p. 7) Under the ADA and Title VII, a potential plaintiff has ninety days from date of the letter to bring suit. 29 CFR 1601.28. In the instant case, Plaintiff's final right to sue letters from the EEOC with respect to AMIKids and AMIKids Baton Rouge respectively were mailed on October 31, 2017 and December 5, 2017. (Doc. 1-5 at pp. 9, 11) With respect to the December 5, 2017 letter, Plaintiff

6

had until March 12, 2018 to file a complaint against AMIKids Baton Rouge.[1] Plaintiff's Motion for Amended Complaint was filed on April 5, 2018, fourteen days after the deadline.[2] As Defendants highlight, the ninety-day statutory restriction is strictly construed, even against *pro se* litigants. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984). As such Plaintiff's ADA and Title VII claims based on the December 5, 2017 letter against AMIKids Baton Rouge must be dismissed. Moreover, given that Plaintiff's right to sue letter regarding AMIKids was dated October 31, 2017, even earlier than the AMIKids Baton Rouge letter, Plaintiff's ADA and Title VII claims against AMIKids based on the October 31, 2017 letter must also be dismissed.

The Court also concludes that Plaintiff's race discrimination, retaliation, and failure to provide reasonable accommodation claims against AMIKids Baton Rouge, which were not included in the EEOC charge, are dismissed due to her failure to exhaust administrative remedies. *Taylor*, 296 F.3d at 378-379 ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing

---

[1] The Fifth Circuit has applied a seven-day presumption of receipt after the mailing of an EEOC letter. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-380 (5th Cir. 2002). Plaintiff does not appear to dispute this date. Moreover, the Court has not found any case law supporting Plaintiff's assertion that holidays toll the ninety-day period.

[2] The Court notes that Plaintiff's "Motion for Amended Complaint" cannot relate back to the original complaint, because the original complaint was not served to either Defendant. There is no evidence in the record that Defendants had notice of the filing of the original complaint. In fact, the earliest either Defendant would have received notice of the action was when the Motion for Amended complaint was served on April 27, 2018. *See, e.g., Hardy v. A+ Rental Inc*, 95-2176 (La. App. 4 Cir. 5/8/96; 674 So.2d 1155, 1157 ("If an amendment is to relate back, the Plaintiff must not sue a wholly new defendant. . . who would not have received notice of the original petition"); Fed. R. Civ. Proc. 15(c) (indicating that an amendment that changes the party only relates back to the original pleading if the party received notice of the action within ninety days of the original pleading). *See also Systems Signs Supplies v. U.S. Dept. of Justice, Washington D.C.*, 903 F.2d 1011, 1014 (5th Cir. 1990) ("*Pro se* status does not excuse a litigant's complete failure to effect service.").

claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.").

C. **Louisiana Employment Discrimination Law**

Defendants also seek to dismiss Plaintiff's claims under the Louisiana Employment Discrimination Law ("LEDL"), arguing that the statute does not apply to them. The LEDL only applies to employers who have "twenty or more employees within [Louisiana] for each working day in each of twenty or more calendar weeks within the current or preceding year." La. R.S. 23:302. Defendants present the declarations of employees who indicate that AMIKids only had two employees on its payroll in Louisiana during 2017 and 2018 and that AMIKids Baton Rouge had fewer than twenty employees on its payroll during 2017 and 2018. (Doc. 2-2 at p. 2; Doc. 3-2 at p. 2)

With respect to AMIKids, this evidence has not been controverted by Plaintiff. Plaintiff asserts in her opposition that Defendants possessed more than twenty employees during the relevant time period and that many teachers and staff would testify to this. (Doc. 6 at p. 9) She also argues that Defendants have very low retention rates and that at any given time have positions available for more than twenty employees. (Doc. 6 at pp. 7–8) However, Plaintiff does not provide competent evidence to support any of these assertions. Moreover, the number of available positions does not refute the undisputed fact that at all relevant times in this lawsuit, AMIKids had

8

fewer than twenty employees during 2017 and 2018.[3] As such, the Court must grant summary judgment in favor of AMIKids.

The Court cannot reach the same conclusion with respect to AMIKids Baton Rouge. Attached to Plaintiff's complaint is her EEOC charge, in which she swears under penalty of perjury, that AMIKids Baton Rouge employed over twenty employees.[4] (Doc. 1-5 at p. 13) Accordingly, there remains a dispute of material fact as to whether AMIKids Baton Rouge employed twenty or more employees for twenty or more weeks during 2017 and 2018. Thus, at this time AMIKids Baton Rouge is not entitled to summary judgment on Plaintiff's LEDL claim. However, the Court will order the parties to conduct additional discovery on the number of employees AMIKids Baton Rouge employed in 2017 and 2018. The Court will permit AMIKids Baton Rouge to renew its motion for summary judgment if it so chooses following the discovery of any additional evidence.

The Court notes that AMIKids Baton Rouge alternatively seeks to dismiss Plaintiff's claim based on Rule 12(b)(6) for failure to allege that AMIKids Baton Rouge possessed over twenty employees. However, given that Plaintiff is *pro se* and that

---

[3] The LEDL contains no language which indicates that an employer's potential to employ twenty or more employees is sufficient to bring the employer within the ambit of the statute. Rather the employer must "employ" twenty or more employees within the state of Louisiana for each working day. La. R.S. 23:302.

[4] The Court finds that the allegations in the EEOC charge serve as competent summary judgment evidence. *See* 28 U.S.C. § 1746 (indicating that any matter that is required to be evidenced by sworn declaration or affidavit may be supported by an unsworn declaration made under penalty of perjury). *See also E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 701 (5th Cir. 2014)
  ("It is true that courts are often reluctant to credit evidence in EEOC charges... On summary judgment, however, courts are precluded from weighing credibility. The EEOC charge is competent for use at summary judgment unless it is inadmissible under the Federal Rules of Evidence or fails to comport with Federal Rule of Civil Procedure 56(c)'s requirements.").

9

Plaintiff alleges in her EEOC charge that AMIKids Baton Rouge possessed over twenty employees, the Court declines to dismiss Plaintiff's LEDL on such grounds. Doc. 1-5 at p. 13. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[A] pro se complaint, however, in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss AMIKids, Inc., or in the Alternative, Motion for Partial Summary Judgment (Doc. 2)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the **Motion to Dismiss AMIKids Baton Rouge, Inc. or in the Alternative, Motion for Partial Summary Judgment (Doc. 3)** is **GRANTED IN PART** and **DENIED IN PART.**

Furthermore, considering Plaintiff's remaining LEDL claim against AMIKids Baton Rouge,

**IT IS ORDERED** that additional discovery proceed on the issue of whether AMIKids Baton Rouge employed twenty or more employees during 2017 and 2018.

**IT IS FURTHER ORDERED** that the deadline for the completion of additional discovery is thirty days from the date of this order.

**IT IS FURTHER ORDERED** that the deadline for AMIKids Baton Rouge to file a renewed Motion for Summary Judgment is forty-five days from the date of this order.

Baton Rouge, Louisiana, this 27th day of February, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA