UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA DURHAM** | **CIVIL ACTION** |
| **VERSUS** | |
| **AMIKIDS, INC., ET AL.** | **NO: 18-00559-BAJ-EWD** |

### RULING AND ORDER

Before the Court are the **Motions for Summary Judgment (Docs. 17, 33)** filed by Plaintiff and Defendant AMIKids Baton Rouge, Inc. For the reasons stated herein, Defendant's Motion is **GRANTED,** and Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

This is a disability-discrimination case. Plaintiff is a former teacher and employee of Defendants. Plaintiff originally filed her complaint in Nineteenth Judicial District Court in East Baton Rouge Parish against Defendants AMIKids Inc. and AMIKids Baton Rouge Inc. ("AMIKidsBR")[1] for the alleged violation of her rights under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and the Louisiana Employment Discrimination Law. Defendants removed this suit to federal court on May 17, 2018, and both Defendants filed Motions to Dismiss (Docs. 2, 3). The Court issued a Ruling and Order (Doc. 14) granting the motion in

---

[1] AMIKids Inc. is a non-profit organization dedicated to helping at-risk youth. The national office for AMIKids is located in Tampa, Florida, and AMIKids Baton Rouge, Inc. is a branch of the organization that is located in Baton Rouge, Louisiana.

part, dismissing all claims against Defendant AMIKids, Inc. with prejudice. However, the Court denied the motion to dismiss Plaintiff's Louisiana Employment Discrimination Law claim against Defendant AMIKidsBR. In the Ruling and Order, the Court permitted additional discovery to proceed on the issue of whether Defendant AMIKids Baton Rouge, Inc. employed twenty or more employees during 2017 and 2018. (Id.)

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l*

2

*Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

In its motion, Defendant AMIKidsBR argues entitlement to summary judgment on the remaining claim because the Louisiana Employment Discrimination Law ("LEDL") is inapplicable, as it did not employ the requisite number of employees in 2017 and 2018. Plaintiff argues in her motion that Defendant did employ the requisite number of employees for the LEDL to apply. The provisions of the LEDL, La R.S. 32:302, *et seq.*, "shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." La R.S. 23:302(2). See *Bell v. Thornburg*, 743 F.3d 84, 91 (5th Cir. 2014).

To satisfy the discovery request regarding the number of employees, Defendant AMIKidsBR submitted copies of official quarterly payroll reports and an IRS Form 941.(*See* Doc. 17, Exhibit C).[2] The Form 941 reflects the total " number of employees who received wages, tips, or other compensation for the pay period." (*See* Part 1 of Form 941). Naturally, the Form 941 reports the exact number of employees on an employee's payroll records. Defendant asserts that these documents show that it never had twenty or more employees in Louisiana working for twenty or more calendar weeks in 2017 or in 2018. Plaintiff did not submit any evidence showing that twenty or more employees worked for Defendant AMIKidsBR. Plaintiff only provided unsubstantiated allegations that at least twenty employees worked for Defendant AMIKidsBR in those years.

Louisiana courts routinely look to Title VII cases to interpret the LEDL because they are "substantively similar." See *La Day v. Catalyst Technology, Inc.*, 302 F.3d 474, 477 (5th Cir. 2002). Thus, reliance on the "payroll method" used in Title VII cases to determine the number of employees is applicable here. *Mahl v. Nokia, Inc.*, No. CV 05-5243, 2006 WL 8456801, at *3 (E.D. La. Apr. 18, 2006), *aff'd*, 212 F. App'x 279 (5th Cir. 2006). In *Mahl*, the court held that an affidavit by the defendant's Senior Legal Counsel attesting to the number of employees based on her review all of payroll records was unequivocal evidence meeting the standard required for entry of summary judgment. The court recognized that this "payroll method" was sufficient

---

[2] According to the official website of the Internal Revenue Service, a Form 941 is an employer's quarterly federal tax return.

in determining that the defendant did not employee the requisite number of employees for the provisions of the LEDL to be applicable to the case. *Id.* at 3-4. The United States Court of Appeals for the Fifth Circuit affirmed the decision, holding that Plaintiff's affidavit stating that "to her knowledge Defendant employed the requisite number of employees" was insufficient to present a genuine issue of material fact against the defendant's affidavit based on payroll records. *Mahl v. Nokia*, 212 Fed.Appx. 279, 280 (5th Cir. 2006).

Defendant AMIKidsBR's 2018 payroll records show nineteen employees in the first quarter, eighteen employees in the second quarter, eleven employees in the third quarter, and seven employees in the fourth quarter. (*See* Doc. 17, Exhibit B). Defendant AMIKidsBR did not submit payroll records for 2017; however, it did provide the IRS Form 941, filed under penalty of perjury, reflecting the same information regarding the number of employees as the payroll records. The IRS Form 941 for first quarter of 2017 shows sixteen total employees; the second quarter shows fourteen employees; the third quarter shows seventeen employees, and the fourth quarter shows sixteen employees. Defendant AMIKidsBR also provided the IRS Form 941 for all quarters of 2018, which reflect the same numbers of employees in each quarter as the payroll records for 2018. (*See* Doc. 17, Exhibit D).

The Court finds that Defendant AMIKidsBR's payroll reports and Form 941 are sufficient evidence to prove that the number of its employees did not exceed twenty in 2017 and 2018. Because Plaintiff did not present any evidence to show that Defendant employed twenty or more employees, Plaintiff has failed to present a

5

genuine of material fact as to whether Defendant AMIKidsBR employed the requisite number of employees. Thus, the Court must conclude that the LEDL is inapplicable to this matter, and that Plaintiff's final claim must be dismissed.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 17) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. 33) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's final claim against Defendant AMIKidsBR is **DISMISSED**.

Baton Rouge, Louisiana, this 27th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**