UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MELISSA DURHAM**                                       **CIVIL ACTION**

**VERSUS**

**AMIKIDS, INC., ET AL.**                                **NO. 18-00559-BAJ-EWD**

### RULING AND ORDER

Before the Court is Plaintiff's *pro se* Motion to Review (Doc. 59), seeking an order vacating the Clerk of Court's Taxation of Costs in the amount of $770.80 against Plaintiff, and in Defendants' favor. (*See* Doc. 58). In support of her Motion, Plaintiff offers a sworn statement that since her termination of employment—which gave rise to this action—she has "experienced tremendous financial … hardship," which has been exacerbated by the ongoing COVID-19 pandemic, and is unable to pay the costs assessed. (Doc. 59 at 1). Defendants do not oppose Plaintiff's motion.

Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Rule 54(d) "creates a strong presumption in favor of awarding costs to a prevailing party, and a district court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015) (quotation marks and alterations omitted). A "good reason" for

denying a request for costs includes "the non-prevailing party's indigency (or inability to pay costs)." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 453 (3d Cir. 2000); *see Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 n.9 (5th Cir. 2013) ("Most circuits hold that a substantiated claim of the losing party's indigency may justify a reduction of costs." (quoting 10 James W. Moore *et al.*, MOORE'S FEDERAL PRACTICE § 54.101[1][b], at 54-157 (3d ed. 2013)).

Considering Plaintiff's inability to pay, as well as her *pro se* status, and other factors—including the relatively small amount of costs assessed, the hardships wrought by the COVID-19 pandemic, and Defendants' lack of opposition—the Court determines that in this case, assessing the costs against Plaintiff creates an inequity, and will vacate the Clerk's Taxation of Costs on that basis.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Review (Doc. 59) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court's Taxation of Costs (Doc. 58) is **VACATED**.

**IT IS FURTHER ORDERED** that an award of costs shall not be allowed in the above-captioned action.

Baton Rouge, Louisiana, this 3rd day of March, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**